# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| COACHMEN INDUSTRIES, INC., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-0892 |
| § | |
| ALTERNATIVE SERVICE § | |
| CONCEPTS, L.L.C., *et al.,* § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Defendant Alternative Service Concepts, L.L.C. has filed a Motion for Leave to Amend Pleadings [Doc. # 64]. Plaintiff Coachmen Industries, Inc. has responded and brought an alternative Motion for Severance [Doc. # 65], and ASC has replied [Doc. # 68]. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that Defendant's Motion for Leave to Amend should be **denied**. Plaintiff's alternative Motion for Severance is **denied as moot**.

ASC seeks to amend pleadings in order to bring three counterclaims: (1) defamation and business disparagement, (2) tortious interference with contract, and (3) tortious interference with a prospective contract. All three counterclaims arise from disputes during discovery in the pending action.

The Court's scheduling order in this case set October 31, 2006, as the deadline for amendment of pleadings. Because the deadline has expired, Defendant's motion for leave to amend is governed by Federal Rule of Civil Procedure 16(b), which provides that a scheduling order "'shall not be modified except upon a showing of good cause and by leave of the district judge.'" *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enter. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining good cause, the Court considers four factors: (1) the explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice. *Id*. at 546.

ASC has not shown good cause to modify the scheduling order. Although ASC can satisfy the first factor, because the facts supporting the counterclaims did not arise until after the deadline for amendment of pleadings, the other three factors weigh against a finding of good cause.

The second factor—importance of the amendment—is not satisfied because ASC has not pointed to any damages from Coachmen's alleged misconduct. ASC's proposed counterclaims center on Coachmen's letter to Alembic's board, dated August 2, 2007, which ASC argues damaged its contracts and prospective contracts.

However, the contract between Coachmen and ASC was renewed in July 2007. Although Coachmen's letter requests that Alembic consider replacing ASC as its Third Party Administrator for the next insurance year, and states Coachmen's intention not to work with ASC after the close of this insurance year, these requests and intentions have not yet resulted in actual injury to ASC. At this time, it is unclear what the outcome will be to Coachman's request. Because ASC has not shown that they "have suffered, or are about to suffer, 'injury in fact,'" there is no justiciable case or controversy before the Court. *Allstate Ins. Co. v. Abbott*, 2007 WL 2192895 *4 (5th Cir. Aug. 1, 2007); *see Whitmore v. Ark.*, 495 U.S. 149, 155 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)) (alleged harm "must be actual and imminent, not 'conjectural' or 'hypothetical'").

The third factor, potential prejudice, also weighs heavily against allowing the amendment. ASC's proposed counterclaims, because they arose from a recent dispute during litigation of the case at bar, will require testimony from current counsel. *See, e.g.*, Defendant's Amended Answer to Plaintiff's Second Amended Complaint and Original Counterclaim [Exhibit E to Doc. # 64], at 10, ¶ 13 (claiming that Coachmen falsely alleged that "ASC, through its counsel, had acted in a duplicitous manner" by making an agreement regarding evidence and subsequently rejecting it, and that "ASC, though its counsel, 'sat on' a proposed agreement and only rejected it after

waiting until after Coachmen [had no] choice but to renew"). Counsel's testimony is likely to lead to conflicts of interest, the need to hire new counsel, and significant expense. Because this prejudice would not be cured by a continuance, the fourth factor also weighs against a finding of good cause to modify the scheduling order.

It is therefore

**ORDERED** that ASC's Motion for Leave to Amend Pleadings [Doc. # 64] is **DENIED**. It is further

**ORDERED** that Coachmen's alternative Motion for Severance [Doc. # 65] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **18th** day of **September, 2007**.

Nancy F. Atlas
United States District Judge