IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COACHMEN INDUSTRIES, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0892 |
| | § | |
| ALTERNATIVE SERVICE | § | |
| CONCEPTS L.L.C., *et al*, | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion for Leave to File a Third Amended Complaint [Doc. # 115], filed by Plaintiff Coachmen Industries, Inc. ("Coachmen"). Defendants Willis of Illinois, Inc. ("Willis") and Alternative Service Concepts, LLC ("ASC") have responded [Docs. # 122 and # 123, respectively] and Coachmen has replied [Doc. # 124]. Upon review of the parties' submissions, all matters of record, and applicable law, the Court concludes that Coachmen's motion is **denied**.

**I.    BACKGROUND**

Broadly, this case involves the scope, and alleged breaches, of duties owed to Coachmen, a manufacturer of travel trailers, by its insurance broker, Willis, and its third party insurance claims administrator, ASC. Coachmen, an Indiana corporation, initially filed suit against ASC, a Delaware corporation with its principal place of business in Tennessee, alleging claims for negligence, breach of fiduciary duty,

breach of contract, and violations of Texas insurance law. The dispute between Coachmen and ASC centered around alleged wrongdoing associated with the handling of a personal injury lawsuit in Texas that implicated Coachmen and its insurance coverage.[1] ASC subsequently joined Willis, an Illinois corporation, as a "responsible third party"[2] and Coachmen thereafter asserted breach of contract, negligence, and insurance law claims against Willis as well.[3]

Earlier in this litigation, Coachmen obtained leave of the Court to file a Second Amended Complaint [Doc. # 56], which is currently the live pleading in this case.[4] Currently pending before the Court, in addition to Coachmen's Motion for Leave to File, are four motions for summary judgment directed towards Coachmen's Second Amended Complaint.[5]

## II. ANALYSIS

---

[1] *See* Plaintiff's Original Complaint [Doc. # 1].

[2] *See* Motion for Leave to Designate Responsible Third Parties [Doc. # 12]; Order of Sept. 5, 2006 [Doc. # 15].

[3] *See* Plaintiff's First Amended Complaint [Doc. # 27].

[4] In its Second Amended Complaint, Coachmen dropped claims against a defendant who was never served, and added a breach of contract claim against Willis. *See* Plaintiff's Motion for Leave to File its Second Amended Complaint [Doc. # 54]; Plaintiff's Second Amended Complaint [Doc. # 56].

[5] *See* Motion for Summary Judgment by Willis of Illinois, Inc. [Doc. # 79]; Cross-Motion for Summary Judgment by Coachman Industries, Inc. [Doc. # 85]; Motion for Partial Summary Judgment by Coachman Industries [Doc. # 88]; Motion for Summary Judgment by Alternative Service Concepts, Inc. [Doc. # 89]

Coachmen seeks to amend its pleadings in order to bring claims arising under Illinois and Tennessee consumer protection laws. Coachmen argues that though this case has been pending against ASC for twenty-one months, and against Willis for thirteen months, it was only recently that Defendants first raised a "defensive position that the Texas Insurance Code is not applicable" in this case.[6] Thus, Coachmen requests leave to add claims that it characterizes as "equivalent" to the Texas law claims currently pled.[7]

The Court's scheduling order in this case set October 31, 2006, as the deadline for amendment of pleadings. Because the deadline has expired, Defendant's motion for leave to amend is governed by Federal Rule of Civil Procedure 16(b), which provides that a scheduling order "'shall not be modified except upon a showing of good cause and by leave of the district judge.'" *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enter. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining good cause, the Court considers four factors: (1) the explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice. *Id*. at 546. Only

---

[6]   *See* Motion for Leave to File a Third Amended Complaint [Doc. # 115], ¶ 8.

[7]   *Id.* ¶ 10.

when the movant demonstrates good cause to modify a scheduling order will the more liberal standard of Rule 15(a), which "evinces a bias in favor of granting leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981), apply. *S&W Enter.*, 315 F.3d at 536. However, leave to amend is by no means automatic and "the decision to grant or deny leave to amend lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). As explained below, Coachmen has not shown good cause to modify the scheduling order.[8]

### 1.     Coachmen's Explanation for its Failure to Timely Move for Leave to Amend

First, Coachmen's claim that this is not a situation of undue delay, but one of recently discovered information, is unpersuasive. Coachmen, an Indiana corporation, filed suit against an Illinois and a Tennessee corporation in federal court in Texas, invoking the Court's diversity jurisdiction. As such, Coachmen was on notice that choice-of-law issues may be relevant to this suit. Thus, whether claims based on law outside of Texas should have been pled is not a newly discovered issue. Moreover, nothing raised by Defendants in their summary judgment briefing alters the operative

---

[8]    Coachmen does not address the good cause standard of Rule 16(b) in its motion and instead applies a Rule 15(a) analysis. This was pointed out in Defendant ASC's response to Coachmen's motion. *See* Defendant ASC's Response in Opposition to Plaintiff's Motion for Leave to Amend [Doc. # 123], at 2–4. However, even in its reply, Coachmen fails to offer sufficient grounds under Rule 16(b) to warrant a decision in its favor.

facts bearing on a choice-of-law analysis. *See Williams v. Simmons Co.*, 185 F. Supp. 2d 665, 672 (N.D. Tex. 2001) ("[I]n exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed."); *see also Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 316 (5th Cir. 1996) (holding that denial of a motion for leave to amend pleadings was warranted where the moving party "sought leave to add both a fact of which it had been aware since before it filed its original complaint and a cause of action based on the identical, known facts that underlie its original complaint").

In addition, the Court is not persuaded by Coachmen's suggestion that Defendants bear the burden of timely pleading choice-of-law as an affirmative defense. "Under federal pleading requirements, [a Defendant] need not plead the applicability of [another state's] law to preserve a choice-of-law question." *Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 74 (5th Cir. 1987). This is so because "federal courts are required to take judicial notice of the content of the laws of every state in the Union." *Id.* (citing *Lamar v. Micou*, 114 U.S. 218, 223 (1885)). Indeed, choice-of-law is not an affirmative defense and a party need only "call the applicability of another state's law to the court's attention in time to be properly considered." *Kucel*,

813 F.2d at 74. Coachmen has amended its pleadings twice already and has had ample opportunity to raise the Illinois and Tennessee statutory claims it now seeks to add to this suit. Its suggested failure to consider choice-of-law issues when drafting these documents cannot be excused merely because Defendants did not earlier inform Coachmen of its omission—something that Defendants are not obligated to do.

### 2. The Importance of the Amendments

The Court also finds that the proposed amendments have not been shown to be sufficiently important to justify new pleadings at this very late stage in this litigation. Coachmen initially suggested that it was "surprised" by Defendants' suggestion that Texas law would not apply to this dispute.[9] However, it argues at length in its Reply that—contrary to Defendants' suggestion that Coachmen failed to adequately research its asserted causes of action at the outset of this case—it, in fact, "*did* perform its own research" and determined that Texas law applies in this case.[10] Indeed, Coachmen continually insists that Texas law governs this dispute[11] and largely dismisses Defendants' choice-of-law arguments as "strategic" maneuvers designed to avoid an

---

[9]   *See id.* ¶ 8.

[10]  *See* Plaintiff's Replies to Defendants' Responses to Plaintiff's Motion for Leave to File its Third Amended Complaint ("Reply") [Doc. # 124], ¶ 5.

[11]  *See id.* ¶¶ 5, 7, 8, 17.

award of attorney's fees and treble damages.[12]  Coachmen's own arguments suggest that the amendments are unnecessary as it has "[not] admitted or backed off from its original position that Texas substantive state law applies to all claims."[13]

Moreover, the Court questions Coachmen's request to add only Illinois and Tennessee causes of action, given Defendant Willis's position that it is actually *Indiana* law that applies to this dispute.[14]  To the extent the parties are disputing whether Texas or Indiana law should be applied in this case, Coachmen's request to add claims arising under only Illinois and Tennessee law has not been shown to be important.[15]

### 3. Potential Prejudice in Allowing the Amendment and the Availability of a Continuance to Cure Such Prejudice

Finally, granting Coachmen's motion would also prejudice Defendants.

---

[12]  *See id.* ¶¶ 3, 17, 18.  It is unclear what exactly Coachmen is accusing Defendants of doing, as Coachmen has stated that its proposed claims provide "equivalent recoverable damages." *See* Motion for Leave to File a Third Amended Complaint [Doc. # 115], ¶ 15.

[13]  *Id.* ¶ 5.  The Court has no opinion on whether Coachmen is right in its position that Texas law applies in this case.  That issue will be addressed in the Court's forthcoming rulings on the pending summary judgment motions.

[14]  *See* Defendant Willis's Response in Opposition to Plaintiff's Motion for Leave to Amend [Doc. # 122], at 5–6.

[15]  Willis and ASC also argue that Coachmen's motion should be denied because its amended claims are futile.  Willis argues that the claims fail to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) and that because Indiana law actually governs this case, and amendments are unnecessary.  ASC similarly argues that the claims fail on their merits.  Because the Court has sufficient reason to deny Coachmen's motion without determining whether the proposed claims are futile, it does not reach these arguments.

Although Coachmen insists that the new claims it seeks to add to its pleadings are merely "alternative, equivalent statutory claim[s]" to those already pled,[16] the Court is unconvinced. Even if the new claims sought to be pled by Coachmen are similar to their current claims, the Court is satisfied that additional research and discovery would very likely be necessary and that, at the least, permitting Coachmen to amend its pleadings would create additional delay in this nearly two-year old case.

Indeed, as Coachmen has pointed out, this litigation has been time-consuming and expensive for all involved.[17] Thus, a continuance would do little to cure the prejudice that a ruling in Coachmen's favor would create. Simply put, the existing animosity among the parties need not be exacerbated by reopening discovery and delaying decision on the four summary judgment motions currently pending before the Court,[18] solely to allow Coachmen to plead claims that were readily available to it at the outset of this case. *See Little*, 952 F.2d at 846 (holding that "the fact that a defendant has filed a motion for summary judgment is significant in the determination" whether to grant a motion for leave to amend pleadings).

---

[16] *See* Motion for Leave to File a Third Amended Complaint [Doc. # 115], ¶ 7; Reply [Doc. # 124], ¶ 14.

[17] *See id.* ¶¶ 14–18; *see also* Defendant ASC's Response in Opposition to Plaintiff's Motion for Leave to Amend [Doc. # 123], at 9.

[18] Indeed, the parties have submitted nearly 3,000 pages of summary judgment briefing and exhibits.

## III.   CONCLUSION

Because Coachmen has failed to demonstrate good cause to alter the Court's scheduling order in this case, as required under Rule 16, there is no need to conduct a Rule 15(a) analysis.  Therefore, it is hereby

**ORDERED** that Plaintiff Coachmen Industries, Inc.'s Motion for Leave to File a Third Amended Complaint [Doc. # 115] is **DENIED**.

SIGNED at Houston, Texas, this 17th day of **January, 2008**.

_____
Nancy F. Atlas
United States District Judge