IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COACHMEN INDUSTRIES, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0892 |
| | § | |
| WILLIS OF ILLINOIS, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Currently pending before the Court are Defendant Willis of Illinois, Inc.'s ("Willis") Motion for Summary Judgment [Doc. # 79] and Plaintiff Coachmen Industries, Inc.'s ("Coachmen") Cross-Motion for Summary Judgment [Doc. # 121]. While these motions were being briefed, choice of law questions were raised.  The Court considered this issue and determined, *inter alia*, that the law of Illinois governs resolution of the breach of contract claim asserted by Coachmen against Willis.[1] Because the parties had not briefed whether any conflicts relevant to this case exist between Illinois law and Texas law, the Court ordered supplemental briefing, which Coachmen and Willis timely filed [Docs. # 156 and # 155, respectively].  Coachmen's submission is, additionally, a Motion for Reconsideration of another of the Court's choice of law holdings.

---

[1]      *See* Memorandum and Order of April 28, 2008 ("April 2008 Memorandum") [Doc. # 152], at 10–18.

Coachmen seeks reconsideration of the Court's decision that Willis is not susceptible to Coachmen's claims for violations of the Texas Insurance Code.[2] Coachmen argues, and provides a supporting affidavit from its CEO, that "Coachmen is and was actively involved in the State of Texas as a landowner, a dealer of products, a developer of potential plants and housing projects, and resource for military installations needs of Texas bases."[3] Coachmen further asserts that it has been a party to at least forty lawsuits in the ten years during which Willis has acted as its insurance broker and that Willis was "aware that it was being asked to broker, in part, specific insurance needs related to the state of Texas."[4] Finally, Coachmen reasserts its argument that because Willis has offices licensed to do business in Texas, that it may be susceptible to Texas Insurance Code claims in this instance.

"A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). "Evidence that was

---

[2] *See* April 2008 Memorandum [Doc. # 152], at 18–22.

[3] Coachmen's Brief in Response to April 2008 Memorandum [Doc. # 156], at 2.

[4] *Id.* at 3.

available to a party at the time of the decision being challenged, but was not timely submitted, does not ordinarily qualify as newly-discovered evidence." *Becerra v. Asher*, 921 F. Supp. 1538, 1548 (S.D. Tex. 1996), *aff'd*, 105 F.3d 1042 (5th Cir. 1997). Motions for reconsideration "may not be used to rehash rejected arguments or introduce new arguments." *See LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).

In this case, Coachmen does not offer any explanation for not presenting its newly asserted arguments—despite the clear opportunity to do so[5]—in its brief to the Court on choice of law. None of Coachmen's arguments concern information that would not have been previously available. As is noted above, a motion for reconsideration may not be used to raise arguments that could have been made before or to argue a new legal theory. *See id.* at 478. In addition, Coachmen's contention that the Court did not address its argument that Willis, by doing business in Texas, subjected itself to the laws and regulations of the State, is mistaken. The Court addressed this argument in the April 2008 Memorandum.[6] As noted above, a motion for reconsideration may not be used to rehash arguments previously rejected by the Court. *See id.* For these reasons alone, Coachmen's motion is denied.

---

[5]      *See* Hearing Minutes and Order [Doc. # 134].

[6]      *See* April 2008 Memorandum [Doc. # 152], at 21.

Moreover, in reaching its decision that Coachmen cannot support Texas Insurance Code claims against Willis, the Court conducted a detailed analysis consistent with the choice of law rules of Texas. Coachmen alleged that Willis violated the Texas Insurance Code when it "misrepresented the extent of the terms and endorsements to the Gulf policy," and when it misrepresented its obligations under its brokerage agreement with Coachmen.[7] Coachmen has offered no evidence that these injuries occurred in Texas, were the result of conduct in Texas, or that either Coachmen or Willis have any connection to Texas relevant to these claims. These factors are key to a determination whether a defendant may be liable for violations of the Texas Insurance Code. *See Scottsdale Ins. Co. v. Nat'l Emergency Servs.*, 175 S.W.3d 284, 294 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) (1971). That Coachmen or Willis generally do business in Texas is insufficient to require application of the Texas Insurance Code to the dispute at bar, in which "[n]o Texas defendant, injured party, or property is involved." *Hull & Co. v. Chandler*, 889 S.W.2d 513, 518 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Accordingly, in the absence of any new, previously unavailable evidence establishing a sufficient connection between this dispute and the state of Texas, Coachmen's Motion for Reconsideration is denied.

---

[7]     *See* Coachmen's Cross-Motion for Summary Judgment [Doc. # 121], at 25–29.

Thus, the only claims remaining in this case are a breach of contract claim and a negligence claim. As noted in the April 2008 Memorandum, Illinois law will govern the resolution of the contract claim and, due to the parties' waiver of the choice of law issue with respect to Coachmen's negligence claim, Texas law will govern resolution of that claim. A primary conflict between Texas and Illinois law identified by the parties concerns the availability of an attorneys' fee award to the prevailing party in a breach of contract action. Texas law provides for recovery of fees for contract claims. TEX. CIV. PRAC. & REM CODE § 38.001.[8] Illinois, however, does not. *See In re Weinschneider*, 395 F.3d 401, 404 (7th Cir. 2005); *Chicago Title & Trust Co. v. Chicago Title & Trust Co.*, 618 N.E.2d 949, 954 (Ill. App. 1993). Given the Court's holding herein reaffirming that Coachmen may not assert claims for violations of the Texas Insurance Code—which provides for recovery of attorneys' fees by a successful litigant—the Court holds that, should Coachmen prevail on its breach of contract claim, it will not, consistent with Illinois law, be entitled to recovery of attorneys' fees.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff Coachmen Industries, Inc.'s Motion for

---

[8] Texas law, which governs Coachmen's negligence claim against Willis, does not generally permit recovery of attorneys' fees for a negligence claim. *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441, n.9 (Tex. 1995).

Reconsideration [Doc. # 156] is **DENIED**.

The parties have expressed a willingness to settle this dispute before trial and have twice participated in mediation. Willis states that the issue of fees has "presented a significant hurdle to settlement" of this case. So that the parties have the opportunity to continue negotiations before incurring significant additional attorneys' fees and expenses, it is further

**ORDERED** that the following deadlines will now apply:

| | |
|---|---|
| Joint Pretrial Order | June 4, 2008 |
| Docket Call (1:30 p.m.)[9] | June 11, 2008 |
| Trial (unchanged) | August 11, 2008 |

SIGNED at Houston, Texas, this 8ᵗʰ day of **May, 2008**.

_____

Nancy F. Atlas
United States District Judge

---

[9]    The Court is aware that this date conflicts with Coachmen's counsel's plans to be out of the State in June and July. Thus, Coachmen's counsel may elect to participate in docket call by telephone.