IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COACHMEN INDUSTRIES, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-0892 | |
| § | | |
| ALTERNATIVE SERVICE § | | |
| CONCEPTS L.L.C., *et al.*, § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion to De-Designate Third Party Designations [Doc. # 166], filed by Plaintiff Coachmen Industries, Inc. ("Coachmen"). Defendant Willis of Illinois, Inc. ("Willis") has responded [Doc. # 167]. Coachmen has not replied and the deadline to do so has passed.[1] Upon review of the parties' submissions, all matters of record, and applicable law, the Court concludes that Coachmen's motion is **denied**.

**I.    BACKGROUND**

The facts giving rise to this lawsuit are set out more fully in the Court's Memorandum and Order of June 27, 2008 [Doc. # 168]. Broadly, this case involves

---

[1]    *See* HON. NANCY F. ATLAS, COURT P. 6(A)(4), *available at* http://www.txs.uscourts.gov/district/judges/nfa/nfa.pdf; *see also* Hearing Minutes and Order of May 20, 2008 [Doc. # 164].

the scope, and alleged breaches, of duties owed to Coachmen, a manufacturer of travel trailers, by its insurance broker, Willis, and its third party insurance claims administrator, Alternative Service Concepts, L.L.C. ("ASC"), with respect to a personal injury lawsuit brought against Coachmen and implicating certain of Coachmen's general liability insurance policies. Coachmen initially filed suit against ASC, alleging claims for negligence, breach of fiduciary duty, breach of contract, and violations of Texas insurance law. ASC subsequently named Willis, Stewart Smith Mid-America ("Stewart Smith"), an insurance broker associated with Willis, and Charles A. Watson, the attorney representing Coachmen in the personal injury lawsuit, as "responsible third parties," pursuant to section 33.004 of the Texas Civil Practice and Remedies Code.[2] Coachmen thereafter asserted breach of contract, negligence, and insurance law claims against Willis as well.[3]

While summary judgment motions were pending before the Court, Coachmen settled its dispute with ASC. Several weeks later, and nearly six months after the motions deadline set in this case,[4] Willis—without requesting leave to amend the Court's scheduling order, nor demonstrating good cause to do so, as required by

---

[2] *See* Motion for Leave to Designate Responsible Third Parties [Doc. # 12]; Order of Sept. 5, 2006 [Doc. # 15].

[3] *See* Plaintiff's First Amended Complaint [Doc. # 27].

[4] *See* Order of Sept. 18, 2007 [Doc. # 72].

Federal Rule of Civil Procedure 16(b)(4)—filed a Motion to Designate Responsible Third Parties [Doc. # 153]. Willis sought to name Stewart Smith, Watson, and Gulf Insurance Company, a Coachmen insurer, as responsible third parties for purposes of Coachmen's negligence claim against Willis. The Court denied the motion as untimely filed.[5] However, during a hearing on the motion, Willis argued that because Stewart Smith and Watson were already designated as responsible third parties by ASC, both parties remain as designated parties regardless of any additional request by Willis. The Court, exercising its discretion under Federal Rule of Civil Procedure 16, invited briefing on this issue, and the motion *sub judice* followed.

---

[5] *See* Hearing Minutes and Order of May 20, 2008 [Doc. # 164]. Section 33.004 of the Texas Civil Practice and Remedies Code states that a motion to designate responsible third parties "must be filed on or before the 60th day before the trial date . . . ." TEX. CIV. PRAC. & REM. CODE § 33.004(a). However, as the Court deems the sixty-day requirement procedural and hence, not binding on this Court. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (The federal court is bound to apply the substantive law of the forum state, while following federal procedural rules.); *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003); *Tex. Dep't of Housing & Cmty. Affairs v. Verex Assur., Inc.*, 68 F.3d 922, 928 (5th Cir. 1995); *see also Womack v. Home Depot USA, Inc.*, No. 3:06-CV-0285-D, 2006 U.S. Dist. LEXIS 39449, at *2–*3 (N.D. Tex. Apr. 14, 2006) (Fitzwater, J.) ("[T]he court does not suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines."); *cf. Am. Title Co. of Houston v. Bomac Mortgage Holdings, L.P.*, 196 S.W.3d 903, 908–09 (Tex. App.—Dallas 2006, pet. granted). Accordingly, the Court reiterates its May 20, 2008, holding denying Willis's Motion to Designate Responsible Third Parties [Doc. # 153].

## II.     ANALYSIS

### A.     Whether Responsible Third Party Designations are Movant-Specific

In pertinent part, § 33.004 of the Texas Civil Practice and Remedies Code provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." The designation permits a defendant to ask a factfinder to apportion fault for, *inter alia*, "any cause of action based on tort." TEX. CIV. PRAC. & REM. CODE § 33.002; *see also In re Kyocera Wireless Corp.*, 162 S.W.3d 758, 769 (Tex. App.—El Paso 2005, no pet.); *Nels Cary, Inc. v. Day*, No. 3:07-CV-0832-D, 2008 U.S. Dist. LEXIS 15928, at *5 (N.D. Tex. Feb. 29, 2008) (Fitzwater, C.J.) ("[A] defendant cannot designate a responsible third party with respect to a *contract* claim against him."). Under § 33.011(6) of the Texas Practice and Remedies Code, a "responsible third party" is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *See also In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58–59 (Tex. App.—Houston [1st Dist.] 2005, no pet.). If a person is designated by the Court as a responsible third party, then § 33.003 of the Texas Civil Practice and Remedies Code provides that the person is

to be included in the list of parties the jury may consider for allocation of responsibility for the plaintiff's damages.[6] However, a responsible third party is not actually a "party" to the lawsuit. Indeed, "a finding of fault against the person . . . does not by itself impose liability on the person [and] may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person." TEX. CIV. PRAC. & REM. CODE § 33.004(i); *see also Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702–04 (S.D. Tex. 2006); David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 870 (2005) ("In Texas tort law, the 'responsible third party' is anything but. He is not really a 'party,' and

---

[6] Section 33.003 of the Texas Civil Practice & Remedies Code provides:

> (a) The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:
>
> (1) each claimant;
> (2) each defendant;
> (3) each settling person; and
> (4) each responsible third party who has been designated under Section 33.004.
>
> (b) This section does not allow a submission to the jury of a question regarding conduct by any person without sufficient evidence to support the submission.

he is not really 'responsible.' He has but one reason to exist: that is, to allow a liable defendant to avoid joint and several liability."). Nonetheless, designation of a responsible third party could affect the amount of a plaintiff's recovery because a defendant "is liable to a claimant only for the percentage of damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the . . . harm for which the damages are allowed." TEX. CIV. PRAC. & REM. CODE § 33.013(a).

Section 33.004 sets out detailed procedures for designating responsible third parties and limiting the legal effect of such designations. In pertinent part, the statute states:

> (a)  A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
>
> (b)  Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity. Nothing in this section affects the filing of cross-claims or counterclaims.
>
> \* \* \* \*
>
> (e)  If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later

        than 60 days after that person is designated as a responsible third party.

(f)     A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(g)     If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

        (1)     the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

        (2)     after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

(h)     By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

                            \*  \*  \*  \*

(l)     After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

TEX. CIV. PRAC. & REM. CODE § 33.004.

Importantly, the statute states that "*the* defendant" seeking to designate responsible third parties bears the initial burden of establishing a factual basis demonstrating the named party's potential responsibility for the claimant's damages. TEX. CIV. PRAC. & REM. CODE §§ 33.004(g)(1), (2) (emphasis added). However, "[a]fter adequate time for discovery," and upon a motion to strike the third party designations, "*a* defendant" may respond in opposition and produce evidence of the designated parties' potential responsibility for the claimant's harm. TEX. CIV. PRAC. & REM. CODE § 33.004(l) (emphasis added). The question before the Court is whether this language implies that parties designated by one defendant are also available to non-moving defendants for apportionment of liability, at least where the defendants are being sued for recovery for the same harm. Coachmen and Willis take opposing views on this question, though neither has identified—and the Court, through its own research, has not found—any authority for either position.

In interpreting a statute, "the starting point . . . is the language of the statute itself." *Uniroyal Chem Co. v. Deltech Corp.*, 160 F.3d 238, 244 (5th Cir. 1998) (citing *Greyhound Corp. v. Mt. Hood Stages, Inc.*, 437 U.S. 322, 330 (1978)). Courts have a duty to "give effect, if possible, to every clause and word of a statute," *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quotations and citations omitted), and are to give words their ordinary meaning, avoiding interpretations that render terms or clauses

meaningless. *White v. Black*, 190 F.3d 366, 368 (5th Cir. 1999) (citing *Boone v. Lightner*, 319 U.S. 561, 565 (1945)); *see also United States v. Sanchez-Villalobos*, 412 F.3d 572, 576 (5th Cir. 2005) ("[I]t is a basic rule of statutory construction that one provision of a statute should not be interpreted in a manner that renders other sections of the same statute inconsistent, meaningless, or superfluous." (quotation and citation omitted)).

In this case, it is significant that the drafters of § 33.004 used the phrase "the defendant" in subsection (g), referring back to the movant in subsection (a), but used the term "a defendant" in subsection (l). The Court deems that distinction determinative. The use of different articles in subsections (g) and (l) strongly suggests that any defendant may seek to apportion responsibility for "harms" for which the responsible third parties were initially designated.[7] Accordingly, once leave has been

---

[7] The Court questions but does not decide whether responsible third parties may be available to non-moving defendants for apportionment of liability for "harms" different from those identified by the defendant who initially moved to designate the third parties.

It is also noted that § 33.004(l) refers twice to a claimant's "injury or damage," as opposed to a claimant's "harm," which is referenced in § 33.003 ("The trier of fact . . . shall determine the percentage of responsibility . . . with respect to each [relevant parties'] causing or contributing to cause in any way the *harm* for which recovery of damages is sought . . . ."). TEX. CIV. PRAC. & REM. CODE § 33.003(a) (emphasis added); *see also* TEX. CIV. PRAC. & REM. CODE § 33.011(6) (defining a "responsible third party" as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . ."). Because the Court need not rely on this distinction in the statutory drafting, it declines to attempt
(continued...)

granted to designate a responsible third party, that designated party is available for apportionment of fault by any defendant, provided that—after discovery and prior to submission of the case to a factfinder, and upon a motion to strike the designation due to lack of evidence—some defendant points the court to evidence sufficient to raise a genuine issue of fact regarding the designated party's potential liability for the plaintiff's harm, as that "harm" was initially defined and supported by the moving defendant.  *See* TEX. CIV. PRAC. & REM. CODE § 33.003(b) ("[Texas's proportionate responsibility statute] does not allow a submission to the jury of a question regarding conduct by any person without sufficient evidence to support the submission."); *Tex. Dep't of Pub. Safety v. Boswell*, No. 13-06-327-CV; 2007 Tex. App. LEXIS 7152 (Tex. App.—Corpus Christi Aug. 31, 2007, no pet.); *see also* WILLIAM V. DORSANEO, III, TEXAS LITIGATION GUIDE § 291.03(2)(b)(iii)(A); *cf., e.g*, *Kroger Co. v. Betancourt*, 996 S.W.2d 353, 358 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *Rehab. Facility at Austin, Inc. v. Cooper*, 962 S.W.2d 151, 154 (Tex. App.—Austin 1998, no pet.); TEX. R. CIV. P. 277 ("In any cause in which the jury is required to apportion the loss . . . the court shall submit a question . . . inquiring what percentage, if any, of the negligence . . . that caused the occurrence or injury is question is attributable to each of the persons *found to have been culpable*." (emphasis

---

7    (...continued)
     to resolve it.

added)). This construction of § 33.004 recognizes the distinction made by the drafters between "the defendant" and "a defendant," and properly gives effect to each phrase.

In addition, the Court is satisfied that this interpretation comports with the purpose of the statute. Texas's proportionate responsibility regime seeks to "proportion responsibility for tortious acts, so that each individual plaintiff receives the amount due, and each individual defendant pays the amount for which he or she is responsible." *Isaacs v. Bishop*, 249 S.W.3d 100, 107 (Tex. App.—Texarkana 2008, pet. filed). In apportioning this responsibility among designated third parties, courts are instructed to consider the "harm for which recovery of damages is sought," TEX. CIV. PRAC. & REM. CODE § 33.011(6), and permit a factfinder to apportion responsibility among parties who "caus[ed] or contribut[ed] to cause in any way the harm . . . ." TEX. CIV. PRAC. & REM. CODE § 33.003(a). Where, as here, the harm for which the plaintiff seeks recovery is virtually identical with respect to multiple defendants, proper and complete apportionment of liability can only be achieved if those defendants proceeding to trial can each point to the designated third parties for consideration by a factfinder.

This position is further buttressed by the preference in Texas for broad-form jury submissions of apportionment questions, *see, e.g.*, *Romero v. KPH Consol., Inc.*, 166 S.W.3d 212, 215 (Tex. 2005) (citing TEX. R. CIV. P. 277), as well as from Texas

law stating that "the trier of fact, *as to each cause of action asserted*, shall determine the percentage of responsibility . . . for [each claimant, defendant, settling person, and responsible third party]" with respect to the "harm for which recovery of damages is sought . . . ." TEX. CIV. PRAC. & REM. CODE § 33.003(a). Thus, at least where multiple defendants are alleged to have contributed to causing the same harm, designated third parties alleged to have contributed to that harm must be available even to defendants who did not formally move to designate. A contrary holding would render it difficult, if not impossible, to apportion fault among the many parties to be considered by a factfinder.

It gives the Court pause to permit a defendant to selectively adopt certain procedural and strategic moves made by a co-defendant—especially where the co-defendants' interests are not aligned[8]—without bearing the responsibility or burden of making a proper motion himself. However, in the absence of any authority elucidating the intent of the drafters of § 33.004(l), the Court is bound to apply the

---

[8]     Willis, after being named a defendant in this case, did not adopt or otherwise join ASC's motion to designate responsible third parties and there is no indication that Willis and ASC have, at any time, intended to jointly defend this lawsuit. In fact, it appears from the record in this case that Willis and ASC have had, and continue to have, opposing interests relative to this suit. First, Willis was only implicated in this case due to ASC's designation of Willis as a responsible third party. In addition, even though ASC and Willis filed separate motions for summary judgment, ASC filed briefs in *opposition* to Willis's motion for summary judgment, arguing that Willis bears responsibility to Coachmen for negligence. *See* ASC's Response to Willis's Motion for Summary Judgment [Doc. # 86]; ASC's Surreply to Willis's Motion for Summary Judgment [Doc. # 99].

traditional canons of statutory interpretation to its construction of this statute. *See, e.g.*, *Burlington N. & Santa Fe Ry. Co. v. Skinner Tank Co.*, 419 F.3d 355, 362 (5th Cir. 2005) ("A court assumes that the legislative purpose of a statute is 'expressed by the ordinary meaning of the words used.' A court considers the language used in a statute as conclusive unless Congress has clearly expressed a contrary intent." (quoting *Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982))). Accordingly, provided sufficient evidence exists to support their inclusion, and because the harm in this case for which claimant Coachmen seeks damages is identical with respect to both ASC and Willis, the Court concludes that the parties designated by ASC as responsible third parties remain available to Willis for apportionment of responsibility for the harms arising from Willis's alleged negligence.[9]

### B. **Whether Willis Has Made a Sufficient Factual Showing to Support the Continued Designations of Stewart Smith and Charles A. Watson**

Having determined that Willis may take advantage of the responsible third party designations made by ASC earlier in the course of this litigation, the Court turns to

---

[9] Because ASC is a "settling party" for purposes of Texas's proportionate responsibility laws, the factfinder at trial also "shall determine the percentage of responsibility" of ASC for any tort claims presented at trial against Willis, assuming, of course, that sufficient evidence is adduced at trial to support a finding of fault by ASC. *See* TEX. CIV. PRAC. & REM. CODE §§ 33.003(a)(3), (b); *see also B.T. Healthcare, Inc.*, 196 S.W.3d 296, 300 (Tex. App.—Amarillo 2006, no pet.); *Olympic Arms, Inc. v. Green*, 176 S.W.3d 567, 572–74 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

whether Willis has demonstrated that there is "sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage."[10]  TEX. CIV. PRAC. & REM. CODE § 33.004(l).

The complicated facts giving rise to this dispute are well-known by the parties and the Court, and need not be repeated here.  Having carefully reviewed record, the Court is satisfied that Willis has provided sufficient evidence, at this pre-trial stage of the proceedings, that designated responsible third parties Stewart Smith and Charles A. Watson potentially contributed to causing the harms for which Coachmen seeks recovery in tort.  There is evidence that Watson failed to comprehend the seriousness of the personal injury lawsuit at issue in this case and provided Coachmen poor advice as to how it should handle reporting the claim to its insurers.[11]  There is also evidence that Stewart Smith assumed responsibility for notifying the relevant Coachmen insurer

---

[10]   There is a question whether Coachmen's motion to de-designate is timely, given that the motion was filed well after the motions deadline set by the Court.  *See* Order of Sept. 18, 2007 [Doc. # 72].  The Court intended only that the parties brief the issue of Willis's entitlement to rely on ASC's responsible third party designations.  However, because the Court's ruling during the May 20, 2008, hearing regarding the scope of the requested briefing may have been unclear, the Court, in the interests of justice and judicial economy, addresses the merits of Coachmen's motion.

[11]   In fact, Coachmen sued Watson for these alleged failures.  *See Coachmen Indus., Inc. v. Gulf Ins. Co.*, No. C-05-CV-0264 (S.D. Tex.—Corpus Christi Div. March 16, 2006).  Watson was dismissed without prejudice by the court and Coachmen subsequently settled the lawsuit with the remaining defendant.

of the claim, but failed to properly do so.[12] Coachmen has not disputed nor controverted this evidence. Thus, at this stage in these proceedings, there is sufficient evidence supporting the continued designations of Stewart Smith and Charles A. Watson as responsible third parties with respect to Coachmen's tort damages.

### III. CONCLUSION

The language of Texas Civil Practice and Remedies Code § 33.004 indicates that one defendant may rely on another defendant's successful designation of responsible third parties in a case, where the defendants in issue are alleged by the relevant claimant to have contributed to causing the same harm. The Court concludes there is sufficient evidence presented at this stage of these proceedings to support the designations of Stewart Smith and Charles A. Watson as responsible third parties for purposes of Coachmen's negligence claim against Willis. It is therefore

**ORDERED** that Coachmen Industries, Inc.'s Motion to De-Designate Third Party Designation [Doc. # 166] is **DENIED**.

SIGNED at Houston, Texas, this 15th day of **July, 2008**.

Nancy F. Atlas
United States District Judge

---

[12] Indeed, in its First Amended Complaint [Doc. # 27], Coachmen brought negligence and Texas Insurance Code claims against Stewart Smith for this very reason. Coachmen was unable to successfully serve Stewart Smith, and subsequently dropped the company from this lawsuit. *See* Motion for Leave to File Second Amended Complaint [Doc. # 54], ¶¶ 2, 5.